No. 10,315.

ELLISON *v.* YOUNG.

Decided May 1, 1922.

Action in replevin.   Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.   CONTRACT—*Construed.*  Contract construed and held not unilateral nor lacking in mutuality, and valid and binding.

2.        *Consideration.*  A contract may be valid, even if no part of the consideration appears upon its face.

3.   PLEADING—*Form—Name.*   The demands set out in a pleading are not to be defeated by mere mis-nomer or bad form.

4.   COUNTER-CLAIM—*Nature of.*   Under the provisions of section 63,

code 1908, a claim based upon contract may not be set up as a counter-claim in an action founded upon tort.

5.  APPEAL AND ERROR—*Fact Findings.*  Findings of fact by the trial court which are supported by sufficient evidence, will not be disturbed on review.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. W. D. LOMBARD, Mr. C. B. HORN, Mr. EUGENE D. PRESTON, for plaintiff in error.

Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties plaintiff and defendant in the trial court occupy the same respective position here and are so hereinafter referred to.

This was an action in replevin.  The property taken from the defendant under the writ was ordered returned to him by the court and he was given judgment in the sum of $1,822 damages for plaintiff's wrongful detention thereof.  To review that judgment plaintiff prosecutes this writ, and asks the issuance of a supersedeas.

April 6, 1918, the parties hereto entered into the following contract which, for convenience, will be referred to as Exhibit "A".

"This agreement between W. S. Ellison of the first part and Ward P. Young of the 2nd part to hereby agree to as follows Ellison to lease his ranch 8 miles North of Debeque, Colo. in Garfield Co. for a term of 3 years with option of 5 years to Ward P. Young of the 2nd part: Party of the first part to give use of horses harness and machinery and the tools found thereon.  Also 6 cows and two calves to be shipped from Denver, Colo. to Debeque in car with said W. P. Youngs of 2nd part stock and furniture and add more up to 12 when convenient.  Also furnish 2

Brood sows bringing pigs somewhere in next two months from April 1st. The party of the 2nd part agrees to do all work customary on Ellison farm including keeping up fences and changing same. Also do all ditch work required for watering of crops & orchard on Ellison ranch. Said Young of 2nd part to have all garden and fruit for family use needed all over for commercial use to be divided equally. The party of 2nd part to take care of all stock. Said Young to receive ½ of increase of calves and pigs from cows and sows furnished by Ellison of the first part. W. P. Young to furnish feed for ½ cows sows and pigs, said Young of 2nd part to furnish 2 horses, wagon and harness, 1 riding plow and also further agrees to put in 20 acres of alfalfa in present year of 1918. Said Ellison to furnish seed for same.

Said Young of 2nd part agrees to plow up and put in cultivation all lands that can be put under ditch during term of lease.

Ellison of 1st part to feed 4 horses including two of Ellison to be left on ranch. Ellison also to receive ½ of butter fat.

Machinery left.

W. S. Ellison
W. P. Young.

The original complaint alleged that under this contract defendant obtained possession of the property therein mentioned; that the contract was intended as a lease of said ranch and personal property; that it was void because unilateral and "signed by plaintiff through mistake and error." Of what this "mistake and error" consisted or how it arose we are not apprised. A general demurrer to the complaint was sustained. The ruling was correct and should have terminated the case. Leave having been given to amend, an amended complaint was filed from which Exhibit "A" was omitted, as was also the allegation that possession was taken under it. Thereupon defendant filed his "amended answer and cross complaint" admitting plaintiff's ownership of the property and pleading Exhibit "A"

as justification for defendant's possession. The cross complaint sets up in detail plaintiff's alleged violation of the contract, his wrongful seizure and detention of the property, and defendant's claim for damages by reason thereof. The "replication to amended answer and answer to cross complaint" admits the execution of Exhibit "A" but denies its legality, in substance as in the original complaint, denies the alleged violation thereof and the damages, and by way of cross demand sets up the execution and delivery to plaintiff by defendant of a promissory note for $325 and prays judgment thereon for $296 (the unpaid balance) and interest. Defendant thereupon moved for judgment on the pleadings which motion was sustained in this:

"That plaintiff take nothing by his complaint or amended complaint herein, that the same and each of them be dismissed and held for naught, and that defendant have judgment against said plaintiff according to the prayer of his amended answer, for the return of his personal property," etc., and for costs.

Thereupon a jury was waived and the remaining issues tried to the court which disallowed plaintiff's cross demand on the promissory note and otherwise gave judgment as herein above recited.

BURKE, J., after stating the facts as above.

Plaintiffs only contentions deserving of notice are: 1. That the contract was unilateral and void; 2. That defendant's cross complaint for damages could not be sustained in a replevin action; 3. That plaintiff's cross demand on the promissory note was erroneously excluded by the court; 4. That the judgment for damages is unsupported by the evidence.

1. Exhibit "A" was in the handwriting of plaintiff himself. No fraud, deception, mistake or error is alleged in its execution. It is not unilateral nor lacking in mutuality and for aught disclosed by this record is valid and binding, and the court correctly so held. From an inspection of this

contract and an examination of the evidence relating to it, it would appear that the whole consideration was not expressed therein, in that in addition thereto there was an agreement between the parties for an equal division of crops to be grown on the leased premises other than those mentioned in the contract. But as this was conceded by defendant and considered by the court plaintiff cannot be heard to complain thereof. The contract might be valid if no part of the consideration appeared upon its face. 13 C. J. p. 367 sec. 240.

2. While defendant's demands (other than for return of the property) are denominated "further answer," "cross complaint," and "separate and further cause of action," all are in fact for damages for wrongful taking and detention, recoverable under section 246 Civil Code, 1908. They are not to be defeated by mere mis-nomer or bad form.

3. By Section 63 Civil Code, 1908, a counterclaim or cross demand such as plaintiff sets up by replication, must either arise out of the transaction or arise upon contract and be set up against a demand arising also upon contract. No attempt is made in the pleading to connect the promissory note with anything set out in the amended complaint; and as plaintiff's cause of action, if any he had, was founded upon tort, no claim based upon contract could be so adjudicated on that ground.

4. On the question of damages it is enough to say that the facts were for the court and the evidence is sufficient to support the findings.

Other alleged errors might require consideration had the trial been to a jury but under the present circumstances they are deemed immaterial.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT not participating.