No. 14,131.

MANGINI *v.* DANDO COMPANY.

(74 P. [2d] 675)

Decided November 22, 1937. Rehearing denied December 27, 1937.

Mr. J. W. KELLEY, Mr. ED R. MOYLAN, for plaintiff in error.

Mr. DONALD F. CLIFFORD, Mr. JOSEPH J. CELLA, JR., for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

454

PLAINTIFF in error, Ann K. Mangini, was plaintiff, and the Dando Company, defendant in error, was defendant, in the district court. They will be designated herein respectively as plaintiff and defendant. From an adverse judgment in a suit for the conversion of a note and trust deed, entered upon a motion for a nonsuit interposed by defendant at the close of plaintiff's testimony, and from a decree foreclosing said trust deed in accordance with the prayer of defendant's cross complaint, plaintiff prosecutes a writ of error.

The plaintiff alleges in her complaint that she was indebted in the sum of $2,500 to one H. F. Behneman which indebtedness, evidenced by a promissory note, was secured by a deed of trust on her home; that Ramon Solis was president of the Dando Company, had entire control of its business, handled its money by drawing checks therefor, and made and collected its loans; that on or about May 1, 1927, the said Ramon Solis, while she was engaged to marry him, employed her to check certain records of courts and public offices in connection with loans that he was making through and for the Dando Company, and in consideration therefor he agreed to pay the note above described; that pursuant to such agreement she made a large number of such investigations and reported to the said Ramon Solis what she had found and that he expressed himself as fully satisfied with her investigations and reports, and on October 3, 1927, paid the said H. F. Behneman for the said note and trust deed and delivered them to plaintiff; that the said note never was endorsed or assigned to Ramon Solis or to the Dando Company.

Plaintiff further alleged as follows: "That shortly after the delivery of the said note and trust deed, as herein set forth, and while the said plaintiff had possession thereof, the said Ramon Solis suggested to and agreed with the said plaintiff that the said encumbrance on plaintiff's property, which was fully paid out but not released of record, would effectually protect her against

any judgments arising out of the suits for traffic accidents or other causes if the said note and trust deed were apparently held by the said Dando Company and the said Ramon Solis agreed, as president of said corporation, to take the said note and trust deed to the office of the said Dando Company and there keep them to all outward intents and appearances as if they were owned by the said corporation, but in reality they were to be and were there held and kept, pursuant to said agreement, solely for plaintiff's protection. It was further agreed that plaintiff would sign papers appearing to renew the said trust deed at the required intervals and pay the interest thereon when due, said interest to be paid with money given plaintiff for that purpose by the said Ramon Solis.

"That said trust deed and note, fully paid as herein set forth, was thereupon delivered by plaintiff to the defendant corporation, and remained with said Dando Company, defendant herein, under and solely by reason of said agreement made with its president, as herein set forth, until May 19, 1934, on which date the said Ramon Solis died. That said defendant on said May 19, 1934, converted the said note and trust deed to its own use and now claims ownership and demands payment thereof, with interest, to the injury and damage of plaintiff in the sum of $3,000."

It is further alleged by plaintiff that the Dando Company never paid her any consideration for said note; that she demanded the return of the note and trust deed in accordance with the terms of the agreement with the company, as made by its president Ramon Solis, and that such demand was refused.

By its answer the defendant admitted that Ramon Solis handled the money of defendant by drawing checks therefor, and that he made and collected its loans; admitted that Ramon Solis died May 19, 1934; admitted that it refused to deliver the note and trust deed to plaintiff, and denied all other allegations of the com-

plaint. By cross complaint defendant prayed judgment on the note and for the foreclosure of the trust deed to satisfy the same.

Replying to the answer plaintiff denied all new matter therein contained, and as a defense to the cross complaint set forth the matters and things as originally set out in her complaint.

The evidence, consisting principally of the testimony of plaintiff and her daughter, if believed, substantiated the allegations of the complaint, except that it disclosed that Solis gave the check of the Dando Company to pay the Behneman Company for the note, and received an assignment of the note and trust deed to the Dando Company.

It appears from the testimony of the plaintiff that on the day following the delivery of the note and mortgage to her, Solis suggested that she return the note to him to be kept in the files of the company, and that when necessary she extend it in order that it might appear as a valid and subsisting note which would protect her against any judgment that might be obtained against her by reason of any action for damages arising out of any automobile accident in which she might be involved while using his car which she then was learning to drive, or by reason of driving any car which she might thereafter acquire. She further testified that Solis gave her a receipt from the Dando Company—which testimony was corroborated by her daughter to the effect that she, the daughter, had seen the receipt—which she had lost and searched for without avail. Her testimony concerning the substance and form of the receipt was as follows: "Q. Now will you state the contents of it? A. It said, 'Ann K. Mangini. Addressed to 2431 West 38th Avenue, Denver. Your twenty-five hundred dollar note and trust deed in your name, has been paid and will be delivered to you on demand' and it was signed Dando Company, Ramon Solis, president."

Plaintiff's action is one at law for conversion. In con-

sidering whether the evidence offered by her supports such a cause of action we are not concerned with the purposes that motivated plaintiff and Solis in placing the note and trust deed in the files of the Dando Company, said to be to give it the appearance of a valid and subsisting obligation. Before redelivering it to Solis to be placed in the files of the company, plaintiff, if her testimony is believed, had the ownership, rightful possession and control of the note and deed of trust, and might have procured a release of the trust deed or retained it and dealt with it as she saw fit. By her present action she seeks merely to recover damages for a breach of the terms of a bailment, resulting when the defendant refused to return the papers to her on demand.

 Plaintiff testified that she was employed as an investigator for Solis and the Dando Company and that her compensation was to be the payment of the note in controversy. The record sustains the proposition, if plaintiff's testimony is believed, that payment in accordance with this agreement was made. It was error for the court to sustain the motion for a nonsuit.

 Since the case must be retried on the cause of action stated in the complaint, the judgment of foreclosure entered on the cross complaint must be reversed, as defendant's right of foreclosure depends on the determination of the issues raised by the complaint and answer thereto. If plaintiff recovers on her complaint there can be no foreclosure by defendant of the trust deed securing the note, the legal right to which would thereby be established in plaintiff. The judgment of foreclosure must be reversed for the further reason that it is not based on a cause of action arising out of the transaction set forth in the complaint, as required by section 63 of the Code. The complaint was in tort for conversion. The cross complaint was based on contract. We have held that a demand founded on contract cannot be set off against damages proved in an action for conversion. *Goldberger v. Liebowitz,* 42 Colo. 99, 93 Pac.

1108; *Ellison v. Young,* 71 Colo. 385, 206 Pac. 802. These questions were raised by plaintiff's demurrer to the cross complaint which the trial court erroneously overruled.

Judgment reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE KNOUS concur.